### JOSEPH TOM v. Slave ERNEST.

The Articles of the Civil Code which give a privilege for expenses incurred for the preservation of the thing, apply only to movables.

Privileges on immovables and slaves are treated of under a distinct head, and there is no privilege given as such, for expenses incurred for the preservation of a slave or immovable.

APPEAL from the District Court of the Parish of Jefferson, *Burthe*, J. *Charles Janin*, for plaintiff and appellant. *James D. Augustin*, for defendant. COLE, J. The petition represents that *André Marchesseau* left the city of New Orleans to go to California about the year 1849, and, before leaving this city, deposited in the hands of *Marie Louise Duseau* a child named *Ernest*, a mulatto boy and a slave for life, born about the 17th of February, 1848, from a

slave named *Mary*, the property of *Samuel J. Peters, Jr.*, a resident of New Orleans. That afterwards. *Marie Louise Duseau* entrusted and deposited the child *Ernest* in the hands of plaintiff, to be maintained and kept for *Marchesseau.*

That the expenses incurred by petitioner for the preservation of this slave amounted to $570 on the 5th of June 1857, when the said *Peters* took possession of the slave to keep him until he should be ten years of age. That the said *Duseau* died in May, 1857, and *Marchesseau* has never returned from California. That *Marchesseau* left no agent in Louisiana, and has not been heard of since about eight years, which induces petitioner to believe that the slave *Ernest*, whom he represented as his property, has since been abandoned by him. '

That the nature of petitioner's claim entitles him to a privilege upon this slave ; the claim being the expenses incurred by the plaintiff for the preservation of the slave deposited in his hands as aforesaid. That he is entitled to proceedings *in rem*, that is, against the slave himself, which stands pledged for the debt, by virtue of the privilege attached to his claim. He prays for a writ of provisional seizure, against the slave, and for judgment in his favor for his claim and for the sale of the slave to satisfy his privilege.

The writ of provisional seizure issued, but upon motion of the curator *ad hoc* of *Marchesseau*, it was set aside, and plaintiff appealed.

The District Court did not err. The 4th section of Art. 285 of the Code of Practice provides that provisional seizure may be ordered when the proceedings are *in rem*. that is to say, against the *thing* itself, which stands pledged for the debt, when the property is abandoned, or in cases where the owner of the *thing* is unknown or absent.

A slave is not a thing, in the sense of the preceding 4th section of Art. 285 of the Code of Practice. This Article does not, therefore, authorize the present form of action, and there is no other statute that does.

Judgment affirmed, with costs of appeal.

Land, J., took no part in this case.

---

## On a Re-hearing.

Merrick, C. J. Privileges being *stricti juris* cannot be extended by analogy from one thing to another.

The Articles of the Civil Code which give a privilege for expenses incurred for the preservation of the thing, apply only to movables. This privilege is classed under the head " Of privileges on particular movables," with those of the lessor, creditor of the thing pledged, depositor, vendor of movables, inn-keeper, and the privilege on ships and merchandize.

Privileges on immovables and slaves are treated of in the Civil Code under a distinct head, and we do not discover that any privilege is given as such for expenses incurred for the preservation of the slave or immovable. Doubtless, this is owing to the fact, that slaves are susceptible of being mortgaged. It might be subversive of the mortgagee's right, if the party who had furnished a sick slave with medicine, or arrested the runaway, should have the right to provisionally seize and sell by a proceeding *in rem*, because the medicine or expense in arresting the slave might be deemed to be incurred for the preservation of the thing. By the former laws, when runaway slaves were advertised and sold by the public authorities, the proceeding was *in rem*, but those laws are repealed.

Tom
*v.*
Ernest

Again, privileges ought to be recorded. The Code has provided for the registry of those privileges on immovables and slaves which it has recognized; but this supposed privilege is not among them. We therefore think, that the fourth paragraph of Art. 285 of the Code of Practice refers to movables only, and not to slaves and immovables, which are also undoubtedly things in the eye of the law, but not the kind intended by Art. 285 C. P. See Civil Code, 3183, and the division of the Code preceding this Article and the following, viz, 3185, 3187, 3189, 3191, 3194, 3199, 3204, 3216, and 3228; 4 An. 144, *Cox* v. *Meyer.*

It is, therefore, ordered, adjudged and decreed by the court, that the decree heretofore pronounced by us remain undisturbed.